## ESTATE OF A. UNNA.

### IN PROBATE. BEFORE JUDD, C.J.

### APRIL, 1886.

Partnership debts are joint and several: a creditor may proceed against the estate of a deceased partner, whether the surviving partners be solvent or insolvent.

The discharge of executors of a deceased partner postponed until after the partnership has been wound up.

### DECISION OF JUDD, C.J.

The executors and executrix have presented their accounts which show a balance of cash on hand of $4175.64. This was derived from certain insurance policies on the life of the decedent, and they are devised to the widow in the will.

Messrs. M. S. Grinbaum & Co., who are the agents and large creditors of the Hana Plantation, a controlling interest in which as partner the decedent owned, move the Court that this balance be paid over to the receiver of the plantation.

This is resisted by the executors on the ground that M. S. Grinbaum & Co. have not filed their claims against estate of

decedent with the executors within the statutory period of six months and as this claim is against the plantation, which was partnership property, this must be exhausted before the creditors can call upon the individual estate of the decedent for payment.

Counsel for M. S. Grinbaum & Co. contend that the estate of the decedent was partly private estate and partly an interest in the partnership, and the will instructs the executors to continue the partnership business until July, 1887.

On a bill in equity to wind up the partnership by a surviving partner, Oscar Unna, in which proceeding the executors were parties defendant, a receiver was appointed on the 8th of August, 1885, before the six months' notice of the executors to creditors had expired, and in the order appointing a receiver, he was instructed to marshal the assets of the partnership and of the individual property, and the partnership assets of the decedent were ordered to be delivered by the executors to the receiver. The order allowed a certain sum to be paid monthly to the widow, for her support, out of the partnership property (the plantation) and the whole proceeding contemplated a settlement by the two estates together.

## BY THE COURT.

I think the proceeding in equity for the appointment of the receiver gave ample notice to the executors of the existence of the claims of M. S. Grinbaum & Co. These are stated in the will and admitted by the answer of the executors.

The rule used to be that on the death of a partner joint debts were to be satisfied out of the joint estate; but if that was insufficient, then, subject to the claims of their separate creditors, out of their separate estates proportionally; and if any of them were insolvent, then out of the remaining estates proportionally.

But, says Collyer on Partnership, Sec. 580: "It is now established beyond controversy that in the consideration of Courts of Equity a partnership debt is several as well as joint, and that upon the death of a partner, the joint creditor has a

right in equity to proceed immediately against the representative of a deceased partner for payment of his separate estate, without reference to the question whether the joint estate is solvent or insolvent, or to the state of the accounts amongst the partners."

Story on Partnership, Sec. 362, is to the same effect. "It is now held that in equity all partnership debts are to be deemed joint and several; and consequently the joint creditors have in all cases a right to proceed at law against the survivors and an election also to proceed in equity against the estate of the deceased partner, whether the survivor be insolvent or bankrupt or not. The consequence is that the joint creditors need not now wait until the partnership affairs are wound up, and a final adjustment thereof is made. But they may at once proceed, as upon a joint and several contract, in equity, against the estate of the deceased partner." See 3 Kent's Com. 63.

I think the right of M. S. Grinbaum & Co. to proceed against the executors for their debt is clear. But this is not the proceeding before me, which is the mere settling of the executors' accounts.

But I think M. S. Grinbaum & Co. have a right to ask that the executors be not discharged and no distribution of the individual assets be made until the receiver has wound up the partnership. On the winding up, the receiver will have to take an account of what has been advanced to the widow from the partnership assets. This may not be for some time yet, and the fund may not be required.

I order that the executors' account be approved and that they invest the balance of money, as by their account, in some safe security, to be approved by the Court, to be subject to the further order of the Court.

*S. B. Dole,* for M. S. Grinbaum & Co.

*W. F. Allen,* Receiver, *per se.*

*C. Brown,* for self and co-executors.

Honolulu, April 22, 1886.